JUDGE CROTTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

13 CIV 8731

------------------------------------------------------------------X

MARIAMA BAH

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
KENNETH FISCHER (SHIELD #8464) INDIVDUALLY
AS A POLICE OFFICER, and John Does 1 through 5,
Individually and in their official capacities (the name John
Doe being fictitious, as the true names are presently
unknown),

Defendants.

------------------------------------------------------------------X

**COMPLAINT**

Jury Trial Demanded



## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's

   rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §1983 and 1988, and the Fourth, Fifth

   and Fourteenth Amendments to the United States Constitution, Article 1 of the New

   York Constitution, and New York common law.

3. Jurisdiction of this Court is predicated upon 28 U.S.C. §1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to

   28 U.S.C. §1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

CITY OF N.Y. LAW DEPT.
OFFICE OF CORP. COUNSEL
COMMON LAW DIVISION UNIT
2013 DEC 10 AM 11: 17

## PARTIES

7. Plaintiff MARIAMA BAH is a resident of Bronx County in the City of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York.

9. The City of New York operates the NYPD, a department or agency of defendant City of New York, responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

10. Defendant Police Officer Kenneth Fischer, hereinafter referred to as "Fischer" was employed by the City of New York, and/ or "NYPD" and assigned shield # 8464. Defendant Fischer is sued in his individual and official capacities.

11. Police Officer Fischer was acting under color of state law and in his capacity as City law enforcement officer at all relevant times. Officer Fisher is liable for directly participating in unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct.

12. At all times relevant, defendants JOHN DOES 1 through 5 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants JOHN DOES 1 through 5. Defendants JOHN DOES 1 through 5 are sued in their individual and official capacities.

13. Defendants JOHN DOES 1 through 5 were acting under color of state law and in their capacities as City law enforcement officers at all relevant times. They are liable for directly participating in unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct.

2

## STATEMENT OF FACTS

14. At approximately 11:35 am, on April 7, 2012, plaintiff was lawfully a passenger in the front passenger seat of a vehicle near 1833 Westchester Avenue in the County of the Bronx, in the State of New York.

15. The driver of said vehicle, along with the Plaintiff were arrested for: 1) Forgery in the Second Degree; 2) Illegal Possession of a Vehicle Identification Number; 3) Criminal Possession of Stolen Property, 4) Criminal Possession of a Forged Instruction 5) Unauthorized Use of a vehicle 3rd degree.

16. Plaintiff was arrested even though plaintiff was not the driver of the vehicle, and had no knowledge as to the ownership of the vehicle or any of the legal documents relating to the ownership of said vehicle. Plaintiff was a merely a passenger in said vehicle.

17. Plaintiff was taken to the 43rd Precinct in New York City.

18. Plaintiff was arraigned at Bronx County Criminal Court over 24 hours after her arrest.

19. Plaintiff attended several court appearances, requiring her to take time off of work and make arrangements for her work schedule.

20. Plaintiff's criminal case was dismissed on October 16, 2012.

21. Plaintiff was deprived her liberty, suffered emotional distress, mental anguish, pain, fear, anxiety, embarrassment, humiliation, damage to her reputation and loss of income.

## FIRST CLAIM
### False Arrest

22. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

23. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

3

24. Plaintiff was aware of her confinement and did consent to it.

25. The confinement was not otherwise privileged.

26. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages alleged.

## SECOND CLAIM
### Unlawful Stop and Search

27. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

29. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages alleged.

## THIRD CLAIM
### Malicious Prosecution

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Defendants, acting under color of state law, are liable to plaintiff under 42 U.S.C. 1983 for the violation of her constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the Constitution.

32. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of her constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution.

33. The prosecution was resolved in the plaintiff's favor.

34. As a direct and proximate result of this unlawful conduct, plaintiff sustained and will continue to suffer the damages alleged, including physical, mental and emotional injury, pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FOURTH CLAIM
### State Law Malicious Prosecution

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. By their conduct, as described herein, defendants are liable to plaintiff for having committed malicious prosecution under the laws of the State of New York.

37. Defendants maliciously commenced criminal proceeding against plaintiff, charging her with various crimes. Defendants falsely and without probable cause charged plaintiff with violations of the laws of the State of New York.

38. The commencement and continuation of the criminal proceedings against plaintiff was malicious and without probable cause.

39. All charges were dismissed in plaintiff's favor.

40. Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiff. Defendant City of New York, as an employer of the individual defendants is responsible for their wrongdoing under the doctrine of *respondeat superior*.

41. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages alleged.

## FIFTH CLAIM
### Unreasonable Force

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

44. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages alleged.

## SIXTH CLAIM
### Failure to Intervene

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. Defendants who were present but did not actively participate in the aforementioned unlawful conduct observed such conduct. Defendants had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

47. The defendants violated the Fourth and Fourteenth Amendments because they failed to intervene.

48. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages alleged.

## SEVENTH CLAIM
### 1983 "MONELL" Claim

49. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50. The City, through policies, practices and customs directly caused the constitutional violations suffered by plaintiff.

51. The City, through its police department, has had and still has hiring, training, promotion and retention practices that it knows will lead to the hiring, training, promotion of police officers unable to discharge their duties in accordance with the constitution.

52. The City, through its police department, has a de facto quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

53. The City, at all relevant times, was aware that these individual Defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

54. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

55. These policies, practices, and customs were the moving force causing plaintiff's damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and attorney's fees pursuant to 28 U.S.C. §1988 ;

d. Such other and further relief as the Court may deem just and proper.

Dated: December 6, 2013
New York, New York

SPODEK LAW GROUP P.C.
Attorneys for Plaintiff

Todd A. Spodek, Esq.

100 Church Street, 8th Floor
New York, NY 10007
(212) 300-5196

7